United States District Court
Southern District of Texas
Houston Division

| | |
|---|---|
| TETRA Technologies, Inc. § | |
| § | |
| v. § | |
| § | Civil Action No. 4:25-cv-001468 |
| § | |
| Kent Brown, Shannon Kilgore, § | |
| Purechem LLC, Sea-Tex Resources LLC, § | |
| and Flatline Growth Initiatives LLC § | |

### Defendants Shannon Kilgore, Purechem LLC, and Sea-Tex Resources LLC's Answer to Complaint and Counterclaim

Defendants Shannon Kilgore, Purechem LLC, and Sea-Tex Resources LLC ("Defendants") file this Answer to the Complaint ("Complaint") filed by Plaintiff TETRA Technologies, Inc. ("TETRA") and Counterclaim. Unless specifically admitted herein, Defendants deny each factual allegation of the Complaint.

### Answer

For convenience, the headings below correspond to the headings in the Complaint, and the referenced paragraphs refer to the numbered paragraphs of the Complaint. Defendants deny the allegations in any other part of the Complaint if any response is required.

1

## I. "Introduction"

Defendants admit the allegations in paragraph 1, but deny that Kilgore's resignation was effective December 27, 2024.

Defendants deny the allegations in paragraphs 2-7.

## II. "The Parties"

At this time API lacks sufficient information regarding Plaintiff to admit or deny the allegations in paragraph 8.

Defendants admit the allegations in paragraphs 9-13.

## III. "Jurisdiction and Venue"

As to paragraph 14 regarding subject matter jurisdiction, Defendants admit that Plaintiff asserts a Defend Trade Secrets Act ("DTSA") claim and a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim as its basis for federal jurisdiction, but they deny that Plaintiff has properly pled or can prove a violation of the DTSA or RICO, and therefore they deny subject matter jurisdiction to that extent. Defendants do not contest supplemental jurisdiction.

As to paragraph 15 regarding personal jurisdiction, Defendants deny that Plaintiff has valid causes of action but does not contest personal jurisdiction.

As to paragraph 16 regarding venue, Defendants do not contest venue. Defendants deny paragraph 16 to the extent that it alleges any wrongful "events giving rise to these claims."

## IV. "Factual Background"

### A. TETRA's Business and Protection of its Confidential Information.

Defendants admit the allegations in paragraph 17.

Defendants admit the allegations in paragraph 18, but deny that TETRA manufactures dry calcium chloride in the United States.

Defendants deny the allegations in paragraphs 19-22.

Defendants deny that TETRA has trade secrets and commercially sensitive business information as alleged in paragraph 23. At this time, Defendants lack sufficient information to admit the remainder of paragraph 23, which concerns TETRA's Code of Conduct.

At this time, Defendants lack sufficient information to admit or deny the allegations in paragraph 24, which concerns TETRA's Code of Conduct.

Defendants deny the allegations in paragraph 25.

At this time, Defendants lack sufficient information to admit or deny the allegations in paragraphs 26-27, which concerns TETRA's Computer Use Policy.

**B.    Brown and Kilgore's Employment with TETRA.**

Defendants deny that the North American sales team comprised of five employees. Otherwise, Defendants admit the allegations in paragraph 28.

Defendants deny that Kilgore's resignation was effective on December 27, 2024. Otherwise, Defendants admit the allegations in paragraph 29.

Defendants admit the employment contracts contain the provisions referenced in paragraph 30 but deny that the employment contracts are enforceable.

**C.    Brown and Kilgore's Formation of Companies to Compete with TETRA.**

Defendants admit the allegations in paragraphs 31-33.

At this time, Defendants lack sufficient information to admit or deny the allegations in paragraph 34, which concerns Flatline's formation.

Defendants admit the allegations in paragraph 35.

Defendants deny the allegations in paragraphs 36-37.

**D.    Brown and Kilgore's Competitive Conduct During Their Employment with TETRA.**

Defendants admit the allegations in paragraphs 38-40.

Defendants deny that the emails below Brown's request pertained to a discussion about an order related to calcium chloride. Otherwise, Defendants admit the allegations in paragraph 41.

Defendants admit the allegations in paragraphs 42 and 44.

4

At this time, Defendants lack sufficient information to admit or deny the allegations in paragraph 43.

At this time, Defendants lack sufficient information to admit or deny the allegations in paragraph 45, which concerns involvement in negotiations for the Mainstream contact with TETRA.

Defendants admit the allegations in paragraph 46.

Defendants deny the allegations in paragraph 47.

Defendants admit the allegations in paragraphs 48 and 49.

At this time, Defendants lack sufficient information to admit or deny the allegations in paragraphs 50-52, which concerns TETRA's contract with and negotiations involving Mainstream.

Defendants deny that Kilgore's resignation was effective on December 27, 2024. Otherwise, Plaintiff's admit the allegations in paragraph 53.

Defendants admit the allegations in paragraphs 54-56.

Defendants deny that while Brown was still employed at TETRA he began contacting Achee to discuss Sea-Tex's calcium chloride steam from Mainstream. Otherwise, Defendant admits the allegations in paragraph 57.

At this time, Defendants lack sufficient information to admit or deny the allegations in paragraph 58, which concerns Moeller and Brown's discussion regarding the Mainstream production after TETRA lost its contract with them.

Defendants deny the allegations in paragraph 59.

At this time, Defendants lack sufficient information to admit or deny the allegations in paragraph 60, which concerns Brown emailing a TETRA client the day before his resignation.

### E. Brown's Use of TETRA's Computer Systems to Compete and to Misappropriate TETRA's Trade Secrets.

Defendants deny any characterization of the cited Computer Use Policy in paragraph 61, which speaks for itself.

At this time, Defendants lack sufficient information to admit or deny paragraph 62, which concerns TETRA's policies regarding the use of hardware components. To the extent a response is required, Defendants deny the allegations in paragraph 62.

At this time, Defendants lack sufficient information to admit or deny the allegations in paragraph 63, which concerns TETRA's forensic investigation into Brown's and Kilgore's computer. Defendants deny that they used their access to TETRA's computer systems to form competing businesses and misappropriate TETRA's alleged trade secret information.

At this time, Defendants lack sufficient information to admit or deny the allegations in paragraph 64, which concerns Brown's use of TETRA's computers.

Defendants admit that master safety data sheets do not contain TETRA confidential and trade secrets information. Otherwise, Defendants deny the allegations in paragraph 65. [

At this time, Defendants lack sufficient information to admit or deny the allegations in paragraph 66, which concerns Brown's use of external devices on TETRA's computers.

At this time, Defendants lack sufficient information to admit or deny the allegations in paragraph 67, which concerns files opened by Brown using an external device on one of TETRA's computers.

At this time, Defendants lack sufficient information to admit or deny the allegations in paragraph 68, which concerns Brown allegedly storing and copying TETRA's confidential and trade secret information to an external drive.

As to paragraph 69, Defendants admit that Brown had access to TETRA's information. Defendants deny the information is trade secrets. Otherwise, Defendants deny the allegations in paragraph 69.

At this time, Defendants lack sufficient information to admit or deny the allegations in paragraph 70, which concerns Brown allegedly storing and copying TETRA's confidential and trade secret information to an external drive.

At this time, Defendants lack sufficient information to admit or deny the allegations in paragraph 71, which concerns Brown returning a USB flash drive to TETRA and the forensic analysis of that drive.

At this time, Defendants lack sufficient information to admit or deny the allegations in paragraph 72, which concerns Brown allegedly failing to return USB drives used to access TETRA's information during his employment to TETRA.

### F. Kilgore's Misuse of TETRA's Computer System to Compete and Misappropriate TETRA's Trade Secrets.

As to paragraph 73, Defendants' understanding is that Kilgore signed the cited Computer Use Policy with TETRA. Defendants deny any characterization of the Computer Use Policy, which speaks for itself.

At this time, Defendants lack sufficient information to admit or deny the allegations in paragraph 74, which concerns the forensic analysis results of Brown's laptop computer.

Defendants admit the allegations in paragraphs 75-76.

### G. Brown and Kilgore, using Purechem and Sea-Tex, Continue to use TETRA's Confidential Information in their Competition with TETRA.

Defendants deny the allegations in paragraphs 77-79.

## V. "Causes of Action"

**A.     Count 1—Against All Defendants: Violation of the Defend Trade Secrets Act.**

To the extent a response is required, Defendants deny the allegations and claims in paragraphs 80-88.

**B.     Count 2—Against Kent Brown and Shannon Kilgore: Breach of Contract.**

To the extent a response is required, Defendants deny the allegations and claims in paragraphs 89-99.

**C.     Count 3—Against Kent Brown and Shannon Kilgore: Breach of Fiduciary Duty/Duty of Loyalty.**

To the extent a response is required, Defendants deny the allegations and claims in paragraphs 100-106.

**D.     Count 4—Against all Brown, Kilgore and Sea-Tex: Tortious Interference with Contractual and Business Relations.**

To the extent a response is required, Defendants deny the allegations and claims in paragraphs 107-113.

**E.     Count 5—Against All Defendants: Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").**

To the extent a response is required, Defendants deny the allegations and claims in paragraphs 114-119.

**F.     Count 6—Against All Defendants: Violation of the Texas Harmful Access by Computer Act.**

To the extent a response is required, Defendants deny the allegations and claims in paragraphs 120-124.

**G.     Count 7—Against All Defendants: Tort of Misappropriation.**

To the extent a response is required, Defendants deny the allegations and claims in paragraphs 125-129.

**H.     Count 8—Against All Defendants: Civil Conspiracy.**

To the extent a response is required, Defendants deny the allegations and claims in paragraphs 130-134.

**I.     Count 9—Against All Defendants: Conversion.**

To the extent a response is required, Defendants deny the allegations and claims in paragraphs 135-138.

## VI. "TETRA's Need for a TRO and Preliminary Injunction"

To the extent a response is required, Defendants deny the allegations and claims in paragraphs 139-140.

## VII. "Prayer for Relief"

Defendants deny Plaintiff's request for relief.

## Defenses and Affirmative Defenses

Without assuming the burden of proof other than as required by law, Defendants assert the following as affirmative defenses, defenses, and other responses to Plaintiff's claims. (The headings are for convenience and do not limit applicability of the defenses.)

### Failure to State a Claim

1. Plaintiff has failed to state a claim upon which relief may be granted.

### TUTSA Preemption

2. Plaintiff's common-law tort claims are preempted by TUTSA. *See* Tex. Civ. Prac. & Rem. Code § 134A.007(a). Those claims are based on the alleged misappropriation of information that Plaintiff contends has trade secret status.

### Breach of Employment Agreement

3. Plaintiff cites an Employee Agreement between Kilgore and TETRA (the "Agreement"). The restrictions in the Agreement, as Plaintiff seeks to apply them, are unlawful and unenforceable restraints of trade and commerce. Tex. Bus. & Com. Code § 15.05

4. The confidentiality restrictions in the Agreement are so vague and indefinite that they are unenforceable.

5. The confidentiality restrictions in the Agreement are so broad, including restrictions on information that is not actually confidential, that they are unenforceable as unreasonably broad de facto non-competes.

**Tortious Interference with Contractual and Business Relations**

6. Plaintiff's claim for tortious interference with actual or prospective customer relationships fails because there was no conduct by Defendants that was independently tortious or unlawful.

7. Plaintiff's claim for tortious interference with customer contracts or relationships is barred by the defenses of justification or privilege.

8. Plaintiff's claim for tortious interference with customer contracts fails because a breach of contract by the customer is an essential element of the claim. Plaintiff does not allege that any customer breached any contract, and Defendants did not cause any customer to breach any contract.

9. The claim for tortious interference with customer contracts or relationships is preempted by TUTSA as stated above.

**Breach of Fiduciary Duty**

10. Any fiduciary duty owed by Kilgore arising from his employment relationship with Plaintiff was a limited fiduciary duty under Texas law.

11. Other Defendants did not knowingly participate in any conduct by Kilgore that violated his limited fiduciary duty.

12. The fiduciary duty claims are preempted by TUTSA as stated above.

**Misappropriation of Trade Secrets**

13. Plaintiffs' claims for misappropriation of trade secrets are unfounded because the information at issue is not a "trade secret." The information does not have "independent economic value" and is either known or readily ascertainable by competitors in the industry. In addition, Plaintiff did not take reasonable measures to keep the information secret.

14. Defendants did not use, acquire, or disclose any alleged trade secrets in any way causing damages to Plaintiff under the DTSA or TUTSA.

15. Plaintiff's claims for attorneys' fees and exemplary damages under the DTSA, if any, are barred in whole or in part because in the Employment Agreement Plaintiff failed to provide notice of the immunity offered under the DTSA, which prohibits an individual from being held liable for disclosure of a trade secret in certain situations. *See* 18 U.S.C. § 1833(b)(3)(C).

**Civil Conspiracy**

16. The conspiracy claim is barred because other than conclusory allegations, Plaintiff alleges no facts supporting a plausible case that there was any agreement or "meeting of the minds" between Defendants to make false statements about Plaintiff, to misappropriate confidential information or trade

secrets, or to engage in any other conduct that was tortious or unlawful. There was no such agreement or meeting of the minds.

17. The conspiracy claim is barred because civil conspiracy is a derivative tort, and there was no independent tort tied to the alleged conspiracy.

18. The conspiracy claim is preempted by TUTSA as stated above.

**Racketeer Influenced and Corrupt Organizations Act ("RICO")**

19. The RICO claim is barred because Plaintiff fails to allege a plausible existence of a RICO "enterprise" that is distinct from the individual defendants, or that Defendants participated in the operation or management of such an enterprise as required by 18 U.S.C. § 1962(c).

20. The RICO claim is barred because Plaintiff's allegations regarding trade secret misappropriation under the DTSA cannot serve as predicate acts under RICO absent independent criminality.

21. The RICO claim is barred because Plaintiff's claims of wire fraud are conclusory and fail to meet the heightened pleading standard of Fed. R. Civ. P. 9(b).

22. The RICO claim is barred because Plaintiff has not adequately plead a "pattern" of racketeering activity, as the alleged acts are part of the single transaction or business dispute lacking the requisite continuity.

23. The RICO claim is barred because Plaintiff has not alleged any direct injury to its business or property proximately caused by the alleged RICO violations, and therefore lacks standing to pursue relief under 18 U.S.C. § 1964(c).

**Texas Harmful Access by Computer Act ("HACA")**

24. Plaintiff's HACA claim is barred because Kilgore was an authorized user of TETRA's computer systems during his employment, and any access occurred with effective consent.

25. Plaintiff's HACA claim is barred because the statute does not provide a private right of action. HACA is a criminal statute, and Plaintiff may not assert civil remedies under it.

26. Plaintiff's HACA claim is barred because policy violations or improper use of information do not constitute "unauthorized access."

27. Plaintiff's HACA claim is barred because Plaintiff has not pled sufficient facts to show that any access to its systems was without effective consent as required under Tex. Pen. Code § 33.02(a).

28. Plaintiff's HACA claim is barred because Plaintiff has not alleged any cognizable injury or damages resulting from the alleged unauthorized access.

29. Plaintiff's claim for attorney's fees under Section 143.002 of the Texas Civil Practice & Remedies Code is barred in whole or in part because

HACA does not provide for the recovery of attorney's fees. Plaintiff has not identified any statutory basis entitling it to fees under the criminal statute in which their claim is based.

### Conversion

30. Plaintiff's claim for conversion is barred because the alleged property at issue is intangible and not subject to a conversion claim.

31. Plaintiff's claim for conversion is barred and preempted because the property allegedly converted is the subject of its claim for misappropriation of trade secrets, and Plaintiff may not repackage those claims as common law torts where the conduct is governed by a specific statute.

32. Plaintiff's claim for conversion is barred because Defendants did not assume or exercise dominion or control over any tangible personal property in a manner inconsistent with Plaintiff's rights.

33. Plaintiff's claim for conversion is barred because it has not alleged that Defendants wrongfully retained or deprived TETRA of any property to which TETRA had an immediate and superior right of possession.

### Damages

34. Defendants' alleged wrongful conduct was not the direct, foreseeable, producing, or proximate cause of the alleged damages. The alleged damages were not the natural and probable consequence of Defendants' conduct. At most, Defendants' alleged conduct merely furnished a condition

that made the alleged damages possible. Subsequent events were new and independent causes of the alleged damages. Plaintiff cannot meet its burden to rule out other alternative causes of the alleged damages.

35. Any alleged lost profit damages cannot be recovered because they are speculative and not proven with reasonable certainty. Plaintiff cannot meet its burden to provide one complete calculation of the alleged lost profits.

36. Any alleged unjust enrichment damages are duplicative of Plaintiff's alleged actual damages, and vice versa. Plaintiff cannot obtain a double recovery through duplicative theories of damages.

**Mitigation of Damages**

37. The amount of damages has been reduced by Plaintiff's successful efforts to mitigate damages.

38. Alternatively, Plaintiff has failed to exercise reasonable diligence to mitigate its alleged damages

**Equitable Relief Barred**

39. Plaintiff's claims for equitable relief are barred by Plaintiff's unclean hands.

40. Plaintiff's claims for equitable relief are barred by laches.

**Injunctive Relief**

41. The claim for injunctive relief is unfounded because there is no probable right to the relief sought and no probable, imminent, or irreparable injury. Any injury to Plaintiff can be adequately compensated by damages.

42. The claim for injunctive relief is barred because it would "prohibit [Kilgore] from using general knowledge, skill, and experience that person acquired during employment." Tex. Civ. Prac. & Rem. Code § 134A.003(a).

43. The claim for injunctive relief is barred because it would "prevent a person from entering into an employment relationship, and that conditions placed on such employment shall be based on evidence of threatened misappropriation and not merely on the information the person knows" and "otherwise conflict with an applicable State law prohibiting restraints on the practice of a lawful profession, trade, or business." 18 U.S.C. § 1836(b)(3)(A)(i).

44. The claim for injunctive relief is unfounded because the balance of hardships and equities does not favor Plaintiff.

45. The injunctive relief sought would disserve the public interest and violate public policy.

**Additional Defenses Applicable to All Causes of Action**

46. Plaintiff lacks standing or capacity to assert one or more of its claims.

47. Plaintiff's claims are barred, in whole or in part, because its own acts, omissions, negligence, or fault caused or contributed to its injuries, if any.

## Counterclaim

Plaintiff's claims of misappropriation of trade secrets are made in bad faith, entitling Defendants to recover their reasonable attorneys' fees. 18 U.S.C. § 1836(b)(3)(D).

## Prayer

Defendants respectfully request that Plaintiff take nothing by this suit and that Defendants be awarded their attorneys' fees, costs, and such other and further relief, both general and special, at law or in equity, to which they may be justly entitled.

Respectfully Submitted,

/s/ *Zach Wolfe*
Zach Wolfe
State Bar No. 24003193
S.D. Tex. No. 594111
zach@zachwolfelaw.com

Kendall Webb
State Bar No. 24114468
S.D. Tex. No. 3911494
kendall@zachwolfelaw.com

Zach Wolfe Law Firm
1725 Hughes Landing Blvd, 11th Floor
The Woodlands, TX 77380
832-707-5883

**Attorneys for Defendants Shannon Kilgore, Purechem LLC, and Sea-Tex Resources LLC**

## Certificate of Service

This document is being served on all counsel of record on April 21, 2025 through the CM/ECF system.

*/s/ Zach Wolfe*
Zach Wolfe