**U.S. District Court**
**Southern District of Texas**
**Houston Division**

| | | |
|---|---|---|
| TETRA Technologies, Inc. | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:25-cv-001468 |
| Kent Brown, Shannon Kilgore, | § | |
| Purechem LLC, Sea-Tex Resources LLC, | § | |
| and Flatline Growth Initiatives LLC | § | |

**Defendants' Joint Objections to New Evidence Referenced in Plaintiff's**
**Reply in Support of Motion for Partial Summary Judgment**

## I. Introduction

Defendants Shannon Kilgore, Kent Brown, Sea-Tex Resources LLC, and Purechem LLC (collectively, "Defendants") object to the new evidence Plaintiff TETRA Technologies, Inc. ("TETRA") submitted with its Reply in Support of Partial Motion for Summary Judgment (ECF No. 45) (the "Reply"). TETRA attached new exhibits to its Reply that were not part of its original motion, references documents produced by third-party Mainstream Aquo Solutions, LLC ("Mainstream") that were never attached to any filing, and relies throughout on evidence Defendants have had no opportunity to address. The Court should disregard all such evidence.

## II. Argument

The rule is straightforward. Arguments raised for the first time in a reply brief are generally waived because the opposing party has no opportunity to respond. *See Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010). Courts apply the same principle to evidence submitted for the first time in a reply brief because doing so likewise deprives the nonmovant of a meaningful opportunity to respond. *See Robles v.*

1

*Eminent Med. Ctr.*, LLC, 619 F. Supp. 3d 609, 626 (N.D. Tex. 2022) (holding it "generally improper for a party to introduce new evidence at the reply stage of a motion proceeding because the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence," and that "a reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond"); *Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 103–04 (N.D. Tex. 2001) (striking reply appendix and explaining that "the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence," and that a party "may not file a reply brief appendix without first obtaining leave of court"); *Durrani v. GuideOne Nat'l Ins. Co.*, No. 4:21-CV-03111, 2023 WL 6580333, at *2 (S.D. Tex. Aug. 16, 2023) (striking appendix and new exhibits attached to reply because the opposing party "did not have an opportunity to respond").

TETRA attached new Exhibits A through D to its Reply. Those exhibits were not part of TETRA's original motion. TETRA acknowledges as much, stating in footnote 1 of the Reply that it is "includ[ing] certain additional documents with this Reply because it did not receive them until after filing its Motion." Reply at 3 n.1. Having chosen to move for partial summary judgment before receiving those documents, TETRA may not now supplement the evidentiary record for the first time in its reply to cure deficiencies in its motion. Nor do Defendants have any meaningful opportunity to respond. Under this Court's procedures, "[n]o further briefing, including supplements and sur-replies, should be filed without leave of Court," and the Court "will usually decline to consider such additional briefing." Judge George C.

Hanks, Jr., Court Procedures § 6.C.4 (Jan. 7, 2022). Because Defendants have no mechanism to file a sur-reply, allowing TETRA to rely on new evidence submitted with its reply would deprive Defendants of any opportunity to address that evidence.

The problem is further compounded by TETRA's reliance on Mainstream documents that were never attached to any filing at all. TETRA's fiduciary duty argument relies in significant part on documents produced by Mainstream in response to TETRA's subpoena, including, as TETRA describes it, an email in which Kilgore allegedly stated that Brown was present with him and available for a call with Mainstream. Reply at 12. But TETRA expressly chose not to attach those documents. *See* Reply at 12 n.3 ("TETRA describes the documents here but does not attach them as exhibits."). A party moving for summary judgment must support its factual assertions by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). Documents that have not been submitted to the Court are not part of the record. As such, the Court cannot grant summary judgment based on TETRA's unsworn characterization of documents it chose to withhold.

On a related note, TETRA failed to supplement its Rule 26 disclosures before relying on the Mainstream documents. TETRA's subpoena to Mainstream was TETRA's own discovery request, and TETRA could anticipate receiving documents in response. Federal Rule of Civil Procedure 26(e) requires a party to supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). TETRA's obligation was to supplement its disclosures upon receiving those documents, not to

3

introduce them for the first time in a reply, depriving Defendants of any opportunity to address them. Because TETRA introduced new exhibits and relies on documents not submitted to the Court and not previously disclosed, the Court should disregard those materials in evaluating TETRA's motion for partial summary judgment.

### III. Conclusion

For these reasons, Defendants respectfully request that the Court disregard the following in connection with TETRA's Partial Motion for Summary Judgment: (1) Exhibits A through D attached to the Reply; (2) all references to and characterizations of the Mainstream-produced documents, which were not attached to any filing and were not timely disclosed; and (3) any other evidence first appearing in the Reply that was not part of TETRA's original motion.

Respectfully Submitted,

/s/ *Zach Wolfe*
Zach Wolfe
State Bar No. 24003193
S.D. Tex. No. 594111
zach@zachwolfelaw.com

Kendall Webb
State Bar No. 24114468
S.D. Tex. No. 3911494
kendall@zachwolfelaw.com

Zach Wolfe Law Firm
1725 Hughes Landing Blvd, 11th Floor
The Woodlands, TX 77380
832-707-5883

4

**Attorneys for Defendants Shannon Kilgore, Purechem LLC, and Sea-Tex Resources LLC**

/s/ *Suzi Lehman Johnson*
Suzanne Lehman Johnson
Texas Bar No. 00784460
S.D. Tex. No. 15700
suzi@lehmanjohnson.com
Cell: (281) 841-2343
Danielle N. Andrasek
Texas Bar No. 24045410
S.D. Tex. No. 569877
dna@lehmanjohnson.com

Lehman Johnson Law, PLLC
325 Heights Boulevard
Houston, Texas 77007
Phone: 281-720-3722

**Attorneys for Defendants Kent Brown and Flatline Growth Initiatives LLC**

<u>**Certificate of Service**</u>

This document is being served on all counsel of record on March 12, 2026 through the CM/ECF system.

/s/ *Zach Wolfe*
Zach Wolfe

5