**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| TETRA TECHNOLOGIES, INC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| KENT BROWN, SHANNON | § | Case No.: 4:25-cv-01468 |
| KILGORE, PURECHEM LLC, | § | |
| SEA-TEX RESOURCES LLC AND | § | |
| FLATLINE GROWTH | § | |
| INITIATIVES LLC, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' JOINT OBJECTIONS**
**TO EVIDENCE REFERENCED IN PLAINTIFF'S REPLY**
**IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Tetra Technologies, Inc. ("TETRA") moves to strike Defendants' Joint Objections to Evidence Referenced in Plaintiff's Reply in Support of Motion for Partial Summary Judgment (ECF No. 46) (the "Objections").[1]

## I.     INTRODUCTION

Defendants' Objections are an unauthorized sur-reply filed in direct violation of this Court's Local Rules and Judge George C. Hanks, Jr.'s procedures. Through this filing, Defendants attempt to advance additional argument and seek exclusion of evidence after the close of briefing—without requesting or obtaining leave of Court. That alone warrants striking the filing.

---

[1] To the extent the Court determines that leave is required to file the present Motion, TETRA respectfully requests such leave.

The Objections also lack merit. The evidence referenced in TETRA's Reply was properly submitted[2] to rebut arguments raised in Defendants' Response and to address documents that Defendants failed to timely produce during the summary judgment briefing period. This material consists of Defendants' own communications or documents obtained from third parties only after Defendants' delayed production. There is no unfair surprise or prejudice, and Defendants' attempt to exclude this evidence should be rejected.

## II.    ARGUMENT

Judge Hanks's procedures are clear: "No further briefing, including supplements and sur-replies, should be filed without leave of Court" after the Plaintiff's Reply is filed, and the Court "will usually decline to consider such additional briefing."[3] Defendants disregarded this rule.

Although labeled as "Objections," Defendants' four-page filing is a sur-reply in all but name. It advances new argument attacking the evidentiary record and asks the Court to disregard portions of TETRA's Reply. That is precisely the type of post-reply advocacy the Court's procedures prohibit absent leave.[4] Defendants neither sought nor obtained such

---

[2] Plaintiff requested leave to submit this evidence in its Reply. *See* ECF No. 45 at p. 3 n. 1 ("To the extent the Court determines that leave is required to submit this supplemental evidence, TETRA respectfully requests such leave."). TETRA also previously filed a Motion for Continuance addressing Defendants' refusal, despite repeated requests, to timely produce responsive documents. *Id*.

[3] *See* Rule 6(C)(4) of Judge George C. Hank's Court Procedures.

[4] The purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard, and "to rebut the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Pennsylvania Gen. Ins. Co. v. Story*, 2003 WL 21435511, at *1 (N.D. Tex. June 10, 2003). Neither the Federal Rules nor the Local Rules provide for the *right* to file a surreply.  Thus, "[s]urreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Weaver v. Celebration Station Props., Inc.*, 2015 WL 1932030, at *3 (S.D. Tex. Apr. 28, 2015) (quoting *Lacher v. West*, 147 F.Supp.2d 538, 539 (N.D. Tex. 2001)) (internal quotation marks omitted). A reply to a reply (a surreply) should not be filed without requesting leave of court. *See McClyde v.*

---

leave. Because Defendants Objections' are not authorized, this Court should disregard and strike Defendants' Objections.

Even if the Court were to consider the filing, the Objections also fail on the merits. The evidence cited in TETRA's Reply was properly submitted to respond to arguments raised in Defendants' Response.[5] In addition, Defendants did not produce certain responsive documents until February 18, 2026—weeks after the close of fact discovery and after the summary judgment deadline had passed. (ECF No. 45 at p. 3 n. 1.) In addition, third-party Mainstream Aquo Solutions, LLC ("Mainstream") produced documents pursuant to subpoena only after TETRA filed its Motion for Summary Judgment. (*Id*.; *see also* p. 12 n. 3.) These materials directly rebut Defendants' arguments and, in several instances, impeach prior testimony on issues Defendants themselves placed in dispute. (ECF No. 45 at pp. 11-12.) Moreover, the materials consist of Defendants' own communications or documents obtained from a known third party, eliminating any credible claim of surprise or prejudice. TETRA's reliance on this evidence for rebuttal purposes was therefore proper and does not result in unfair prejudice.

---

*Jackson*, 2010 WL 519763, at *9 (S.D. Tex. Feb. 9, 2010), *aff'd*, 405 Fed.Appx. 891 (5th Cir. 2010) (striking surreply filed without leave of court).

[5] *See C&M Oilfield Rentals, LLC v. Location Illuminator Techs., LLC* 2020 WL 4708714, at *2 (W.D. Tex. July 13, 2020) (parties are permitted to submit evidence and arguments in a reply brief "to rebut a new argument raised by the opposing party in a response."); *In re Hassell 2012 Joint Venture*, 2017 WL 3141168, at *12 (S.D. Tex. July 24, 2017) (noting, "It was within the court's discretion to consider the evidence that was submitted in reply because it was directly responsive to new evidence submitted by [the opposite party] in its response."); *Lynch v. Union Pacific RR Co.*, 2015 WL 6807716, at *1 (N.D. Tex. Nov. 6, 2015) (Lindsay, J.) ("Because Defendant's reply and related evidence are responsive to arguments raised and evidence relied on by Plaintiff in his summary judgment response, this is not a situation in which a new issue was raised for the first time in a reply that would require the court to give him an opportunity to respond to Defendant's reply.").

## III.   CONCLUSION

For these reasons, TETRA respectfully requests that the Court strike Defendants' Joint Objections (ECF No. 46). In the alternative, TETRA requests leave to file a response to the Objections. TETRA further requests such other and further relief to which it may be justly entitled.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK  & STEWART, P.C.**

*/s/ J. Paul Rinnan*
Scott McLaughlin
Attorney in Charge
USDC Bar No. 18138
Texas Bar No. 00791234
J. Paul Rinnan
Texas Bar No. 24074959
500 Dallas Street, Suite 2100
Houston, Texas 77002
713.655.5761
713.655.0020 (Fax)
scott.mclaughlin@ogletree.com
paul.rinnan@ogletree.com

Christina Petria (Pro Hac Vice)
15 W. South Temple, Suite 950
Salt Lake City, Utah 84101
(801) 658-6086
christina.petria@ogletree.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on this 19th day of March 2026, a true and correct copy of the foregoing document was filed with the Court's Electronic Case Filing system.

*/s/ J. Paul Rinnan*
J. Paul Rinnan

## CERTIFICATE OF CONFERENCE

This is to certify that, on March 19, 2026, counsel for Plaintiff conferred with Counsel for Defendants by email about the relief requested in the Motion. Defendants are opposed to the relief in the Motion.

*/s/ J. Paul Rinnan*
J. Paul Rinnan