**United States District Court**
**Southern District of Texas**
**Houston Division**

| | | |
|---|---|---|
| TETRA Technologies, Inc. | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:25-cv-001468 |
| | § | |
| Kent Brown, Shannon Kilgore, | § | |
| Purechem LLC, Sea-Tex Resources LLC, | § | |
| and Flatline Growth Initiatives LLC | § | |

**Defendants' Joint Response to Plaintiff's Motion to Strike**

## I. Introduction

TETRA introduced new evidence in its Reply and now moves to strike Defendants' objections to that evidence, arguing that the Court's procedures do not allow such objections without leave. That reading of the procedures cannot be right, and the Motion should be denied. Alternatively, Defendants ask the Court to grant leave to allow the objections, for good cause.

## II. Argument

The Court's procedures provide that "[n]o further briefing, including supplements and sur-replies, should be filed without leave of Court" after a reply is filed. *See* Rule 6(C)(4) of Judge George C. Hanks's Court Procedures. TETRA reads that language to sweep in Defendants' Objections to Evidence which challenge the admissibility and procedural propriety of evidence TETRA introduced for the first time in its Reply. That reading is nonsensical and

1

misunderstands the nature of evidentiary objections, which challenge whether specific evidence is competent and properly before the Court at all.

Federal Rule of Civil Procedure 56(c)(2) expressly authorizes a party to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." It specifically allows parties to object during the summary judgment process and does not require them to forfeit objections just because evidence is attached to a reply.

Under TETRA's interpretation, a movant could file a bare-bones motion, review the non-movant's response, and then attach new evidence with its reply that the non-movant has no opportunity to challenge. That cannot be right. Permitting TETRA to introduce evidence from its Reply without allowing Defendants the opportunity to object would effectively insulate that evidence from scrutiny and undermine the fairness of the summary judgment process.

Should the Court conclude that leave was required before filing the Objections, Defendants respectfully request such leave now. The filing is short, raises no new merits arguments, and the Court has not yet ruled on the underlying motion, so no prejudice or delay would result.

### III. Conclusion

Defendants respectfully request that the Court deny TETRA's Motion to Strike and consider Defendants' Joint Objections to Evidence. In the alternative, Defendants request leave to file the Objections.

Respectfully Submitted,

/s/ *Zach Wolfe*

Zach Wolfe
State Bar No. 24003193
S.D. Tex. No. 594111
zach@zachwolfelaw.com

Kendall Webb
State Bar No. 24114468
S.D. Tex. No. 3911494
kendall@zachwolfelaw.com

Zach Wolfe Law Firm
1725 Hughes Landing Blvd, 11th Floor
The Woodlands, TX 77380
832-707-5883

**Attorneys for Defendants Shannon Kilgore, Purechem LLC, and Sea-Tex Resources LLC**

/s/ *Suzi Lehman Johnson*

Suzanne Lehman Johnson
Texas Bar No. 00784460
S.D. Tex. No. 15700
suzi@lehmanjohnson.com
Cell: (281) 841-2343
Danielle N. Andrasek
Texas Bar No. 24045410
S.D. Tex. No. 569877
dna@lehmanjohnson.com

Lehman Johnson Law, PLLC
325 Heights Boulevard
Houston, Texas 77007
Phone: 281-720-3722

3

**Attorneys for Defendants Kent Brown and Flatline Growth Initiatives LLC**

## Certificate of Service

This document is being served on all counsel of record on April 8, 2026 through the CM/ECF system.

/s/ *Zach Wolfe*
Zach Wolfe

4